UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HALLAMORE CORPORATION,<br>Plaintiff,<br>v.<br>CAPCO STEEL CORPORATION,<br>Defendant. | ) | 08 75<br>Civil Action No. |

**COMPLAINT**

Plaintiff Hallamore Corporation ("Hallamore") brings this action against Defendant Capco Steel Corporation ("Capco Steel") for breach of contract and breach of the implied covenant of good faith and fair dealing arising out of an equipment lease.

**PARTIES**

1. Hallamore is a Massachusetts corporation with a principal place of business at 795 Plymouth Street, Holbrook, Massachusetts.

2. Capco Steel is a Rhode Island corporation with a principal place of business at 33 Acorn Street, Providence, Rhode Island.

**JURISDICTION AND VENUE**

3. Diversity jurisdiction is conferred on this Court by 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

4. Personal jurisdiction exists over Capco Steel because, among other things, the parties' dispute arises out of Capco Steel's numerous business transactions with Hallamore in Rhode Island.

5. Venue is proper in the District of Rhode Island pursuant to 28 U.S.C. § 1391 (a) and (c).

6. Venue is also proper pursuant to the forum selection clause of the "Equipment Agreement" entered into by the parties on or about March 30, 2005, in which the "parties hereto hereby consent to and confer jurisdiction on the courts of … the United States District Court for the District of Rhode Island … ." (A true copy of the Equipment Lease Agreement is attached as Exhibit A.)

## FACTS COMMON TO ALL COUNTS

7. Hallamore is a transportation company involved in heavy specialized hauling, rigging, millwrighting, and crane rentals. Hallamore owns a fleet of late model cranes that is one of the largest in the Northeast.

8. Capco Steel provides steel fabrication and erector services.

9. In 2005, Capco Steel requested that Hallamore purchase various cranes from Capco Steel. To accommodate Capco Steel's request, the parties entered into two contracts.

10. On or about March 30, 2005, Hallamore and Capco Steel entered into an Equipment Purchase Agreement. Hallamore purchased four cranes from Capco Steel for a total purchase price of $2,725,000.

11. On March 30, 2005, in conjunction with the Equipment Purchase Agreement, Hallamore and Capco Steel executed an Equipment Lease Agreement. Exhibit A.

12. In consideration of Capco Steel receiving a preferred rental rate on various hydraulic, lattice boom and tower cranes, among other consideration, the Equipment Agreement provides, in part, that:

> Capco agrees that in the event it needs to lease a crane, it shall first contact Hallamore to determine if Hallamore has, or can obtain, a crane meeting the needs of Capco available for the periods of time Capco would need such a crane. If Hallamore has, or can obtain, the requested crane, then Capco shall lease such crane in accordance with Rental Rate Schedule attached hereto and made a part hereof as Schedule A.

(Exhibit A, ¶1.)

13. The Equipment Agreement has an initial term of five (5) years, terminating on or about March 30, 2010. Exhibit A.

14. Beginning shortly after the execution of the Equipment Agreement and upon Capco Steel's receipt of the proceeds from the Equipment Purchase Agreement, Capco Steel refused to comply with the Equipment Agreement's requirement to fulfill its crane leasing needs from Hallamore.

15. Rather, Capco Steel repeatedly leased cranes from Hallamore's competitors in breach of the Equipment Agreement.

16. Capco Steel, for example, improperly leased cranes from AmQuip Corp./Shaughnessy Crane Service and/or LJ Crane and Rigging, Inc. without first contacting Hallamore to determine if a crane was available. Capco Steel lease cranes from Hallamore competitors on at least the following construction projects: Boston Convention Center, Bristol-Meyers Squibb, Charles Street Jail Hotel, Fenway Residentials, Fenway Park, Foxwoods Casino, International Cargo Terminal, Natick Mall, Patriot Place, Renaissance Hotel, and Rhode Island Hospital.

17. Each of the crane leases from third-party lessors at each of the construction projects listed herein amount to separate breaches of the Equipment Agreement by Capco Steel.

18. Pursuant to paragraph 8 of the Equipment Agreement, by letter dated December 28, 2007, Hallamore, through counsel, demanded that Capco Steel provide an accounting of all crane leases from March 30, 2005 to present, agree to compensate Hallamore for its damages for Capco Steel's numerous breaches of the Equipment Agreement, and to pay Hallamore's attorneys' fees and costs pursuant paragraph 19 of the Equipment Agreement and all applicable law.

19. Capco Steel refuses to compensate Hallamore or to comply with the terms of the Equipment Agreement.

**COUNT I**
**(Breach of Contract)**

20. Hallamore realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21. Hallamore and Capco Steel are parties to the Equipment Agreement.

22. Hallamore fully performed under the Equipment Agreement.

23. Capco Steel breached the Equipment Agreement.

24. Hallamore has been damaged thereby.

**COUNT II**
**(Breach of the Implied Covenant of Good Faith & Fair Dealing)**

25. Hallamore realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Hallamore and Capco Steel are parties to the Equipment Agreement.

27. Hallamore fully performed under the Equipment Agreement.

28. Capco Steel breached the implied covenant of good faith and fair dealing.

29. Hallamore has been damaged thereby.

**WHEREFORE,** Plaintiff, Hallamore Corporation, requests that this Court:

A. Enter Judgment in its favor and against Defendant Capco Steel Corporation on each Counts I and II of the Complaint;

B. Award Hallamore its compensatory damages on each Count of the Complaint;

C. Award Hallamore its interest and costs;

D. Award Hallamore attorneys' fees pursuant to the terms of the Equipment Agreement and R.I. Gen. Laws §9-1-45; and

E. Grant Hallamore all other legal and equitable relief this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

HALLAMORE CORPORATION

By its attorneys,

Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Christine K. Bush, Esq. (#5587)
cbush@duffysweeney.com
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-Ph
(401) 455-0701-Fax

Dated: February 29, 2008