# EQUIPMENT AGREEMENT

AGREEMENT ENTERED INTO this 30 day of March 2005, by and between **Hallamore Corp.**, a Massachusetts corporation with places of business located at 795 Plymouth Street, Holbrook, Massachusetts, and 115 Lydia Ann Road, Smithfield, Rhode Island ("Hallamore") and **Capco Steel Corporation**, a Rhode Island corporation having its principal place of business located at 33 Acorn Street, Providence, Rhode Island ("Capco").

WHEREAS, Hallamore is the owner of various size hydraulic, lattice boom and tower cranes and desires to lease cranes to Capco;

WHEREAS, Capco also is the owner of various tower and other cranes and desires to lease additional cranes from Hallamore; and

WHEREAS, the parties hereto believe that it is in the best interests of their respective businesses to enter into a reflexable, revolving leasing agreement.

NOW THEREFORE, in consideration of the foregoing, the mutual conditions, promises and covenants set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. Lease of Equipment: Capco agrees that in the event it needs to lease a crane, it shall first contact Hallamore to determine if Hallamore has, or can obtain, a crane meeting the needs of Capco available for the periods of time Capco would need such a crane. If Hallamore has, or can obtain, the requested crane, then Capco shall lease such crane in accordance with the Rental Rate Schedule attached hereto and made a part hereof as Schedule A. The specific crane being leased shall be added to a Schedule of Leased Equipment, with the start date of each such rental, shall be amended and attached hereto as Schedule B. For the purposes of this agreement, all leased cranes and other pieces of equipment shall be referred to as AEquipment@. Hallamore agrees to use commercially reasonable efforts to supply all the cranes which are requested by Capco.

2. Rental Payments: Rental payments shall be based upon the then applicable Rental Rate and shall be billed monthly by Hallamore. Each invoice is due and payable within sixty (60) days of the date of the invoice. All payments shall be by check drawn on immediately available funds in United States dollars.

3. Term of Agreement: This Agreement shall have an initial term of five (5) years. The parties hereto may extend the Term by amendment in writing signed by the parties hereto. The term of the rental of any piece of equipment shall be a set forth in Schedule B from time to time.

4. Standard Terms of Leasing. The following terms shall apply to the leasing of each piece of equipment unless the parties agree otherwise in a writing signed by each of the parties hereto:

a. Hallamore shall provide competent, properly trained and experienced personnel to operate the Equipment and agrees that the Standard Crane and Derrick Signals, in accordance with U.S.A.S.B. 30.5-1968, shall be used to direct the Equipment at all applicable times. In the event the size of the crane or the requirement of an extra boom are such that an extra person is required to properly and safely operate the crane, such person shall be supplied by Hallamore and charged to Lessee at the same rate as such person costs Hallamore. Lessee shall provide competent, properly trained personnel to direct the operation of the Equipment.

b. Hallamore shall be responsible for all inspections of the Equipment and all maintenance of the Equipment. An initial inspection shall be performed by Hallamore, and all needed maintenance performed, prior to the commencement of the lease if a piece of Equipment. Thereafter, during the leasing of that Equipment, all further inspections, and if necessary maintenance, shall be carried out at the work site where the Equipment is located and being used. The Rental Rates contemplate fuel consumed by the Equipment.

c. Hallamore shall be responsible for all property taxes on the Equipment when due and shall be responsible for all sales and use taxes, duties, license and registration fees, highway taxes or other charges or fees associated with the Equipment, its use, storage, operation, rental or transportation.

d. The rental rate shall apply from the time the Equipment leaves the applicable Hallamore facility to be transported to the location designated by Capco.

e. Insurance: Hallamore shall provide and maintain casualty and customary contractor=s all risk insurance, including coverage for collision and fire, rigger=s liability insurance with an aggregate limit of $500,000 per occurrence or such higher amount as may be required by law and general liability insurance for bodily injury, death or property damage with an aggregate limit of $5,000,000 per occurrence, or such high amount as may be required by law. Hallamore and Capco shall each maintain worker compensation insurance in amounts required by law. Likewise, Capco shall carry and maintain general liability insurance for personal injury, death or property damage with the aggregate amount of $5,000,000 per occurrence.

f. Hallamore shall not be liable to Capco, nor shall any event of default be deemed to have occurred, for any failure by Hallamore to perform hereunder so long as such failure is caused by a cause beyond Hallamore=s control, such as strikes, acts of civil or military authorities, acts of terrorism, guaranties or other Acts of God or national emergency.

g. Ownership of the Equipment at all times shall be and remain with Hallamore. All Equipment shall be clearly marked with the AHallarmore@ name or trademark and such markings shall not be removed or defaced.

h. Capco may not sublet any Equipment to any other person or entity without the prior written consent of Hallamore.

5. Conferences: Hallamore and Capco officers shall meet or confer on a monthly basis to discuss the workings of this Agreement and any difficulties which appear in order to maintain the benefit of this Agreement for both to maintain the benefit of this Agreement for both parties hereto. The parties hereto agree to act in good faith and to adopt such amendments, which shall be in writing, as may be necessary to memorialize all agreements between the parties. Further, the parties hereto agree to meet annually to review and, if necessary, revise the Rental Rate Schedule. The parties hereto agree that they shall give each other Abest customer@ status for all rates and in all discussions. The parties agree that the rental rates will be reviewed and agreed upon annually.

6. Tower Cranes:

a. In the event Hallamore desires to lease a tower crane from Capco, Capco, subject to Capco=s own needs for such tower crane, shall lease the requested tower crane to Hallamore at the same rates and on the same conditions as Capco leases Equipment from Hallamore.

b. Capco is willing to perform inspections and maintenance on Hallamore tower cranes. In the event Hallamore desires Capco to inspect and maintain the Hallamore tower cranes, then the parties hereto shall enter into an addendum to this Agreement and establish an inspection and maintenance schedule and rate schedule.

7. Warranties/Liability: The parties hereto acknowledge that the only obligations of the parties to each other are those set forth herein and acknowledge that so long as inspections and maintenance are performed and the equipment operated in accordance with and within the specific actions of the manufacturer, neither party shall have liability toward the other for defects in the design or manufacture of the Equipment or any part thereof. Notwithstanding the foregoing, each of the parties hereto shall be responsible for any personal injury, death or property damage caused by their own respective negligence.

8. Notices: All demands, notices, requests, and other communications hereunder shall be in writing and shall be deemed to have been duly given and received: (i) if mailed by United States registered or certified mail, return receipt requested, postage prepaid, addressed as set forth herein, on the earlier to occur of three (3) business days after the date that the same is so deposited in the United States mail or the date of receipt as disclosed on the applicable return receipt; or (ii) if by facsimile or hand delivery, addressed as set forth herein, on the date delivered to the premises of the other party. Rejection or other refusal to accept or the inability to deliver due to a changed address for which no notice was given shall be deemed receipt of any such notice. All notices hereunder shall be addressed as indicated below or as otherwise specified by the parties hereto by notifying each other of the same in writing from time to time as provided herein: (a) to Capco Steel Corporation, 33 Acorn Street, Providence, Rhode Island 02903, with a copy to: Dante J. Giammarco, Esquire, Visconti & Boren Ltd., 55 Dorrance Street, Providence, RI 02903; and (b) to Hallamore

Corp., 115 Lydia Ann Road, Smithfield, Rhode Island 02917.

9. Severability; Separability: Any of the parts, provisions, warranties, or covenants set forth herein are severable and separable, and in the event that they, or any one of them, shall be deemed to be void, invalid, or unenforceable by a court of competent jurisdiction; then this Agreement shall be interpreted as if such void, invalid, or unenforceable parts, provisions, warranties, or covenants were not set forth herein, and the remaining provisions hereof shall remain enforceable to the extent permitted by applicable law.

10. Supersedure; Entire Agreement; Binding Effect. This Agreement supersedes all prior negotiations and agreements, whether written or oral, between the parties hereto, and sets forth the entire understanding and agreement of the parties hereto with respect to the transactions contemplated hereunder. There are no agreements, representations, warranties, covenants, or conditions, either precedent or subsequent, between the parties unless specifically set forth herein. This Agreement is subject to no understandings, conditions, or representations other than those expressly stated herein. This Agreement shall be binding on, inure to the benefit of, and be enforceable by the parties hereto and their respective heirs, executors, administrators, successors, assigns, and distributees.

11. Assignment. This Agreement, whether in whole or in part, may not be assigned, transferred, or pledged by any party hereto whether by operation of law or otherwise, without the prior written consent of the parties hereto. No assignment to, transfer to, pledge to, or assumption by any party who is not a party hereto of any liability, obligation, or commitment of the parties hereto shall be valid unless in writing and signed by the parties hereto. No assignment, transfer, pledge, or assumption of any party who is not a party hereto of any liability, obligation, or commitment of any party hereto shall operate to release, discharge, modify, change, or affect the liability of any party hereto, or of the assignee of any party hereto. If any party hereto shall assign such party's rights or obligations hereunder, such assignment shall also bind any such assignee and any such assignee's successors and assigns.

12. Amendment. No modification or amendment of this Agreement, whether in whole or in part, shall be effective unless made in writing and signed by the parties hereto.

13. Waiver. The failure of any party hereto to exercise any of its rights or remedies as related to any covenant, obligation, or breach hereunder shall not be deemed to be a waiver of such party's ability or right to so exercise at a later time, or at any other time. No consent to or waiver of any breach or default hereunder, whether express or implied, shall be deemed to be a consent to or waiver of any other breach or default hereunder. No consent to or waiver of any provision of this Agreement, or to any breach or default hereunder, shall be effective unless in writing and signed by the parties hereto. The rights, remedies, powers, and privileges granted hereunder shall be

cumulative and not exclusive of any of the foregoing, or of any other of the foregoing otherwise available at law, in equity, or otherwise.

14. Governing Law. This Agreement is being delivered and is intended to be performed in the State of Rhode Island, and shall be construed and enforced in accordance with the laws of that state. In any litigation or arbitration connected with this Agreement, the parties hereto hereby consent to and confer jurisdiction on the courts of the State of Rhode Island, United States of America and on the United States District Court for the District of Rhode Island, and hereby expressly waive any objections to venue in any such courts.

15. Counterparts. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. In making proof of this Agreement, it shall not be necessary to produce or account for more than one counterpart signed by each of the parties hereto.

16. Exhibits and Schedules. Any exhibits or schedules annexed hereto are hereby deemed incorporated by reference into and a part hereof as if the same had been set forth verbatim herein.

17. Section Headings. The section and other headings set forth herein are for reference and convenience only, and do not define, limit, or extend the scope of this Agreement in any way.

18. Recitals. Any and all recitals herein set forth are hereby deemed to be true and correct, and shall further be deemed incorporated by reference into and made a part hereof.

19. Attorneys' Fees. In the event that any party hereto is required to engage the services of legal counsel to enforce its rights under this Agreement against any other party hereto, regardless of whether such action results in litigation, the prevailing party shall be entitled to collect and recover reasonable attorneys' fees and costs from such other party, which in the event of litigation shall include fees and costs incurred both at trial and on appeal.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their respective duly authorized officer on the day and date first set forth above.

In the Presence of:

Sheldon Thompson

HALLAMORE CORP.

By ______________________
Dennis E. Barry, President

CAPCO STEEL CORPORATION

By______________________________
Patricia G. Caparco, President

**HALLAMORE CORP. SIDE "A"** DENNY BARRY CELL PHONE (617)653-5127
(800)346-9911 JOHN BOGGIA CELL PHONE (401)529-3499

CAPCO EQUIPMENT - CRANE RENTAL RATES EFFECTIVE 4/1/05

HYDRAULIC CRANE RENTAL RATES / OCIP HYDRAULIC RATES

| CAPACITY | DAILY | WEEKLY | MONTHLY | OCIP DAILY | OCIP WEEKLY | OCIP MONTHLY |
|---|---|---|---|---|---|---|
| 35 TON | $1,100.00 | $1,000.00 | $900.00 | 1,076.00 | 978.00 | 880.00 |
| 50 TON | $1,200.00 | $1,100.00 | $1,000.00 | 1,174.00 | 1,076.00 | 978.00 |
| 65 TON | $1,400.00 | $1,250.00 | $1,150.00 | 1,372.00 | 1,224.00 | 1,126.00 |
| 70 TON | $1,500.00 | $1,350.00 | $1,250.00 | 1,470.00 | 1,322.00 | 1,224.00 |
| 100 TON | $2,250.00 | $2,150.00 | $1,950.00 | 2,202.00 | 2,104.00 | 1,906.00 |
| 120 TON | $2,350.00 | $2,250.00 | $2,050.00 | 2,302.00 | 2,202.00 | 2,006.00 |
| 150 TON | $2,500.00 | $2,350.00 | $2,150.00 | 2,448.00 | 2,302.00 | 2,104.00 |
| 165 TON | $2,700.00 | $2,500.00 | $2,250.00 | 2,646.00 | 2,448.00 | 2,202.00 |
| 200 TON | $3,100.00 | $2,700.00 | $2,500.00 | 3,038.00 | 2,646.00 | 2,448.00 |
| 300 TON | $4,500.00 | $4,100.00 | $3,900.00 | 4,414.00 | 4,020.00 | 3,824.00 |
| 400 TON | $4,900.00 | $4,500.00 | $4,216.00 | 4,808.00 | 4,414.00 | 3,874.00 |
| 600 TON | $6,900.00 | $6,500.00 | $5,900.00 | 6,772.00 | 6,378.00 | 5,788.00 |
| 800 TON | $7,900.00 | $7,500.00 | $6,900.00 | 7,754.00 | 7,360.00 | 6,772.00 |

LATTICE BOOM CRANE RENTAL RATES / OCIP LATTICE BOOM RATES

| CAPACITY | DAILY | WEEKLY | MONTHLY | OCIP DAILY | OCIP WEEKLY | OCIP MONTHLY |
|---|---|---|---|---|---|---|
| 100 TON | $2,150.00 | $1,950.00 | $1,850.00 | 2,104.00 | 1,906.00 | 1,808.00 |
| 200 TON | $3,100.00 | $2,700.00 | $2,200.00 | 3,038.00 | 2,646.00 | 2,154.00 |
| 250 TON | $3,300.00 | $2,900.00 | $2,300.00 | 3,234.00 | 2,842.00 | 2,252.00 |
| 300 TON | $3,500.00 | $3,100.00 | $2,500.00 | 3,432.00 | 3,038.00 | 2,448.00 |

All the above rates reflect a regular (Mon.-Fri.) eight hour (7:00 a.m. - 3:30 p.m.) day.

Rental of the above cranes start and end from our Smithfield, RI location - continuous rental days between the first and last - rental would start and end on site.

Overtime Additional Per Hour Rates - beyond the regular eight hour day with a minimum of eight hours on (weekend/holiday) day will be as follows:

(1) Man Cranes: $55.00 / OCIP Rate - $53.00 (2) Man Cranes: $85.00 / OCIP Rate - $81.50

ADDITIONAL LONG BOOM HOURLY RATES (LATTICE BOOM CRANES)

| | | | | | | |
|---|---|---|---|---|---|---|
| MA (LOCAL 4) | 150' | 185' | 210' | 250' | 295' | 350' |
| | 1.66 | 2.92 | 4.11 | 6.23 | 8.63 | 10.04 |
| RI (LOCAL 57) | 150' | 180' | 210' | 240' | 270' | 300' |
| | 1.25 | 2.25 | 3.25 | 4.25 | 6.25 | 7.25 |
| CT (LOCAL 478) | 150' | 200' | 250' | 300' | 400' | 500' |
| | 0.75 | 1.25 | 2.5 | 3.50 | 4.00 | 5.00 |

Please be advised the above long boom hourly rates double on overtime.

* TRANSPORTATION (CRANE ACCESSORIES) - per regular Monday to Friday basis

| | |
|---|---|
| 0-50 MILE RADIUS | $500.00 per load each way |
| 51-100 MILE RADIUS | $600.00 per load each way |
| 101-150 MILE RADIUS | $700.00 per load each way |
| 151-200 MILE RADIUS | $800.00 per load each way |

* Note: Originating from our Smithfield, RI location

STATE SALES TAX - when applicable

| | | |
|---|---|---|
| MA | 5% | on crane only |
| RI | 7% | on both crane & labor |
| CT | 6% | on crane only |

PLEASE SEE REVERSE SIDE "B" FOR ADDITIONAL INFORMATION

***HALLAMORE CORP.*** ***SIDE "B"*** DENNY BARRY CELL PHONE (617)653-5127
JOHN BOGGIA CELL PHONE (401)529-3499

**CAPCO EQUIPMENT - CRANE RENTAL RATES EFFECTIVE 4/1/05**

**Approximate setup time and transportation costs for accessories.**

| | | Set up time | Transportation cost |
|---|---|---|---|
| 400 Ton Hyd | 184' main & 40' / 60' jib | 2 - 3 hours | $3,500.00 each way |
| 600 Ton Hyd | 184' main boom only | 3 - 5 hours | $5,500.00 each way |
| 800 Ton Hyd | 197' main boom only | 4 - 6 hours | $6,500.00 each way |

Above times and figures are based upon cranes standard boom & jib and regular day / hours.

Whenever the cranes listed above require their respective "ENHANCEMENT ATTACHMENTS" there will be additional charges as follows: (1) Transportation of parts will increase by approximately 35%, (2) On site assembly time will increase by 3-1/2 hours and (3) An assist crane will be required.

**MASTER MECHANIC:** $750.00 (daily) & $150.00 / hr. (overtime) with rental time starting and ending from our Smithfield, RI location. This service would be required for the on site assembly and disassembly of our LATTICE BOOM CRANES and HYDRAULIC ENHANCEMENT ATTACHMENTS.