**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HALLAMORE CORPORATION** | ) | |
| **VS.** | ) | **Civil Action No. 08-75S** |
| **CAPCO STEEL CORPORATION** | ) | |

**ANSWER ON BEHALF OF DEFENDANT CAPCO STEEL CORPORATION**

**PARTIES**

1. Defendant neither admits nor denies the allegations contained in paragraph1, but leaves Plaintiff to its proof thereon.

2. Admitted, except the correct name of the Defendant is Capco Steel, LLC and Defendant is a Rhode Island limited liability company.

3. Defendant neither admits nor denies the allegations contained in paragraph 3, but leaves Plaintiff to its proof thereon.________

4. Defendant admits jurisdiction, but nether admits nor denies the remaining allegations of paragraph 4.

5. Admitted.

6. Defendant neither admits nor denies the allegations contained in paragraph 6, but leaves Plaintiff to its proof thereon. Further answering, Defendant states that the Agreement speaks for itself.

7. Defendant neither admits nor denies the allegations contained in paragraph 7, but leaves Plaintiff to its proof thereon.

8. Admitted.

9. Defendant neither admits nor denies the allegations contained in paragraph 9, but leaves Plaintiff to its proof thereon. In further answering, Defendant states that any agreements speak for themselves.

10. Defendant neither admits nor denies the allegations contained in paragraph1, but leaves Plaintiff to its proof thereon. In further answering, Defendant states that the Agreement of March 30, 2005 speaks for itself.

11. Admitted.

12. Admitted. Notwithstanding, there are other sections of the said Agreement, and events which are essential to the dispute between the parties as alleged in the within complaint.

13. Admitted, in further answering, the Defendant states that the Agreement speaks for itself.

14. Denied.

15. Denied.

16. Denied. Notwithstanding said denial, Defendant states that Hallamore Corporation its cranes and therefore breached its Agreement with Defendant. In further answering, Defendant states that Plaintiff did not have the necessary and required types of cranes available to be leased by Defendant.

17. Denied.

18. Defendant neither admits nor denies the allegations contained in paragraph18, but leaves Plaintiff to its proof thereon.

19. Denied. In further answering, Defendant asserts that Plaintiff is not owed any funds from Defendant. And further, Defendant states that the Plaintiff has failed to comply with the

aforesaid Agreement.

**COUNT I**
**(Breach of Contract)**

20. Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 19 as if set forth fully herein.

21. Admitted. Notwithstanding, Defendant states that the Agreement speaks for itself.

22. Denied.

23. Denied.

24. Denied.

**COUNT II**
**(Breach of Implied Covenant of Good Faith & Fair Dealing)**

25. Defendant reasserts and incorporates by reference its responses to Paragraphs 1 through 24 as if set forth fully herein.

26. Admitted. Notwithstanding, the Agreement speaks for itself.

27. Denied.

28. Denied.

29. Denied.

WHEREFORE, Defendant demands that Plaintiff's complaint be dismissed with prejudice and that Defendant be awarded costs and fees.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff is estopped from asserting any claims against Defendant.

3. Plaintiff has waived any claims against Defendant.

4. There has been an impossibility of performance in relation to the Agreement between the parties in that the Plaintiff sold certain of its cranes.

5. Defendant has breached its agreements with Plaintiff in that it unilaterally raised its rental rates.

6. Plaintiff has failed to comply with paragraph 5 of the said Agreement in that Plaintiff refused to meet with Capco in good faith pursuant to the terms of said section.

7. Plaintiff has failed to mitigate its damages.

8. Defendant reserves its rights to file additional affirmative defenses.

Respectfully submitted,

CAPCO STEEL CORPORATION

By its Attorneys,

/s/Girard R. Visconti, Esq.
Girard R. Visconti, Esq. (#566)
grv@viscontilaw.com
/s/David M. Campbell, Esq.
David M. Campbell, Esq. (#3355)
dmc@viscontilaw.com
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 (Telephone)
(401) 421-9302 (Facsimile)

**CERTIFICATION**

______I, the undersigned, do hereby certify that I electronically filed the within document on March 19, 2008 and that said document was thereby caused to be delivered electronically to the individuals listed below.

Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Christine K. Bush, Esq. (#5587)
cbush@duffysweeney.com
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Girard R. Visconti____________________