UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HALLAMORE CORPORATION,<br><br>Plaintiff,<br><br>v.<br>CAPCO STEEL CORPORATION,<br><br>Defendant. | ) | Civil Action No. 08-cv-00075S |

**PLAINTIFF'S RULE 16 STATEMENT OF FACTS AND ISSUES OF LAW**

Plaintiff Hallamore Corporation ("Hallamore") submits this statement of facts and issues of law pursuant to Federal Rule of Civil Procedure 16 and L.R. Cv. 16.

**Statement of Facts**

Hallamore is a transportation company involved in heavy specialized hauling, rigging, millwrighting and crane rentals. Hallamore owns a fleet of late model cranes that is one of the largest in the Northeast. Defendant Capco Steel Corporation ("Capco Steel") is a steel fabricator.

In 2005, Capco Steel requested that Hallamore purchase various cranes from Capco Steel. To accommodate Capco Steel's request, the parties entered into two contracts: (1) an Equipment Purchase Agreement pursuant to which Hallamore purchased four cranes from Capco Steel for a total purchase price of $2,725,000; and (2) an Equipment Lease Agreement that provided that in consideration of Hallamore providing a preferred rental rate on various hydraulic, lattice boom and tower cranes, Capco Steel agreed that its crane leasing needs would be met by Hallamore.

Beginning shortly after the execution of the Equipment Leasing Agreement and upon Capco Steel's receipt of the proceeds from the Equipment Purchase Agreement, Capco Steel refused to comply with the Equipment Leasing Agreement's requirement to fulfill its crane leasing needs from Hallamore. Rather, Capco Steel repeatedly leased cranes from Hallamore's competitors in breach of the Equipment Leasing Agreement. Hallamore commenced suit to enforce its rights and alleges breach of contract and breach of the implied covenant of good faith and fair dealing causes of action. It demands compensatory damages, interest, costs and attorneys' fees.

**Issues of Law**

To prevail on its breach of contract claim, Hallamore must establish: (1) there was a valid agreement; (2) the defendant breached the terms of the agreement; and (3) Hallamore was damaged as a result. *See generally Rhode Island Five v. Medical Assocs. of Bristol Cty., Inc.*, 668 A.2d 1250, 1253 (R.I. 1996); *UXB Sand and Gravel, Inc. v. Rosenfeld Concrete Corp.*, 641 A.2d 75, 79 (R.I. 1994); and *Lamoureux v. Burrillville Racing Ass'n.*, 161 A.2d 213, 215 (R.I. 1960).

As to Hallamore's breach of the implied covenant of good faith and fair dealing claim, there is "an implied covenant of good faith and fair dealing between parties to a contract so that contractual objectives may be achieved." *Laz-Karp Realty, Inc. v. Gilbert*, 777 F. Supp. 1085, 1088 (R.I. 1990); *Ide Farm & Stable, Inc. v. Cardi*, 297 A.2d 643, 645 (R.I. 1972). This duty requires that each party to a contract act in furtherance of the other party's reasonable expectations of the bargain. *See Rhode Island Charities Trust v. Engelhard Corp.*, 109 F. Supp. 2d 66 (D.R.I. 2000).

Respectfully submitted,

HALLAMORE CORPORATION

/s/ Craig M. Scott

Craig M. Scott, Esq. (# 4237)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-telephone
(401) 455-0701-facsimile
cscott@duffysweeney.com

Dated: April 24, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Plaintiff's Rule 16 Statement of the Facts and Issues of Law*** was filed through the ECF system on the 24th day of April, 2008, and will be sent electronically to the below-named counsel who is a registered participant identified on the Notice of Electronic Filing:

David M. Campbell, Esq.
Visconti & Boren Limited
Providence Square Building
55 Dorrance Street
Providence, Rhode Island 02903
(401) 331-3800
dmc@viscontilaw.com

Girard R. Visconti, Esq.
Visconti & Boren Limited
Providence Square Building
55 Dorrance Street
Providence, Rhode Island 02903
(401) 331-3800
grv@viscontilaw.com

/s/ Craig M. Scott