**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **HALLAMORE CORPORATION** | ) | |
| **VS.** | ) | **Civil Action No. 08-75S** |
| **CAPCO STEEL CORPORATION** | ) | |

**MEMORANDUM ON BEHALF OF DEFENDANT CAPCO STEEL CORPORATION**

## I. PREAMBLE

Plaintiff, Hallamore Corporation ("Hallamore") has commenced an action against Defendant, Capco Steel Corporation ("Capco") in relation to its allegation that Capco breached its contract with Hallamore. It is the position of Capco that there are no monies due Hallamore for the following reasons:

1. Hallamore purchased four (4) cranes from Capco in March 2005 for the sum of Two Million Seven Hundred Twenty Five Thousand Dollars ($2,725,000). As part of that transaction, the parties entered into an Agreement for future rental of cranes by Capco from Hallamore.

2. The Agreement provided in part that Capco would contact Hallamore to determine if it "has or can obtain a crane meeting the needs of Capco and available for the periods of time that Capco would need such a crane" (Section 1 of the Agreement). The parties agreed on a Rental Rate Schedule that was appended to the Agreement. The parties further agreed by contract to meeting on a "monthly basis to discuss the workings of the Agreement and any difficulties

which appear in order to maintain the benefit of the Agreement for both . . ." and to meet at least "annually to review and, if necessary, revise the Rental Rate Schedule." The Rental Rate was to be no greater than the "best customer" levels (Section 5 of the Agreement). Approximately in mid August 2006, Hallamore unilaterally sought to raise the rental rates. Capco protested "ex parte increase in rates" which was inconsistent with the Agreement. Furthermore, Hallamore did not avail itself to meet with Capco despite the Capco's requests for a meeting pursuant to the contract provisions.

3. Notwithstanding the breach by Hallamore of raising its rates, Capco informed Hallamore that it did not agree with the new rates, but was willing to do business with Hallamore if Hallamore was competitive.

4. Capco noted to Hallamore that Capco paid Hallamore approximately One Million Five Hundred Thousand Dollars ($1,500,000) in crane rentals for 2006 and One Million One Hundred Seventy-Five Thousand Dollars ($1,175,000) in crane rentals in 2007.

## II. CAPCO'S DEFENSE

It is the position of Capco that during this "dispute", Capco was advised that Hallamore sold its cranes that it purchased from Capco and did not replace them. Capco believes that during the term of this Agreement, Hallamore did not have available the cranes needed by Capco. Therefore, it was impossible for Hallamore to fulfill the terms of the Agreement. Hallamore breached the Agreement by failing to meeting with Capco, keeping Capco informed as to crane

availability, and by unilaterally increasing the rental rate for Hallamore cranes. Capco asserts that prior to such breach, Capco complied with the terms of the Agreement.

Notwithstanding, Capco acted in good faith by giving Hallamore an opportunity to rent cranes at a competitive rate.

**III.**

Capco suggests that this matter be immediately submitted to the ADR Federal Court Process.

Respectfully submitted,

CAPCO STEEL CORPORATION

By its Attorneys,

/s/Girard R. Visconti, Esq.
Girard R. Visconti, Esq. (#566)
grv@viscontilaw.com
/s/David M. Campbell, Esq.
David M. Campbell, Esq. (#3355)
dmc@viscontilaw.com
***Visconti & Boren Ltd.***
55 Dorrance Street
Providence, RI 02903
(401) 331-3800 (Telephone)
(401) 421-9302 (Facsimile)

**CERTIFICATION**

I, the undersigned, do hereby certify that I electronically filed the within document on April 24, 2008 and that said document was thereby caused to be delivered electronically to the individuals listed below.

Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Christine K. Bush, Esq. (#5587)
cbush@duffysweeney.com
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903

/s/ Girard R. Visconti