AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

HALLAMORE CORPORATION

V.

CAPCO STEEL CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 08-cv-00075S

TO: S.G. Marino Crane Service Corporation
c/o its Registered Agent: CT Corporation System
10 Weybosset Street
Providence, RI 02903

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

✓ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Duffy Sweeney & Scott, LTD, 1 Turks Head Pl. Providence, RI 02903 | 8/12/2008 10:00 am |

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents identified in Exhibit A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Duffy Sweeney & Scott, LTD, One Turks Head Pl., Ste. 1200, Providence, RI 02903 | 7/8/2008 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 6/18/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Craig M. Scott (#4237), Attorney for Plaintiff, One Turks Head Place, Ste 1200, Providence, RI 02903 (401) 455-0700

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

4/00 # 660

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6/19/08 | 10 Weybosset St. Providence 9th Floor |

SERVED ON (PRINT NAME): S.G. Marino Crane Service Corp

MANNER OF SERVICE: A/F/S

SERVED BY (PRINT NAME): Thomas Noury, P.O. Box 114026, North Providence, RI 02911

TITLE: CT Corporation Systems

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 6/19/08
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Thomas Noury
P.O. Box 114026
North Providence, RI 02911

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## Definitions

A. Unless otherwise specified, terms used herein shall have the meanings set forth in the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 34.

B. As used herein "document" and "documents" shall have the meanings set forth in the Federal Rules of Civil Procedure, including but not limited to Fed. R. Civ. P. 34, and shall include writings and recordings of any kind, formal or informal, and items of any sort containing information, data, or data compilations, including electronic data, electronically stored information and electronic mail, sound records and images and shall include both paper and electronic versions of the records regardless of their format or means of storage.

C. As used herein, the term "electronic data" means all information of all kinds maintained by electronic data processing systems including all non-identical copies of such information. Electronic data includes, without limitation, computer programs (whether private, commercial or work in progress), programming notes or instructions, and input and/or output used or produced by any software program or utility (including electronic mail messages and all information referencing or relating to such messages anywhere on the computer system, word processing documents and all information stored in connection with such documents, electronic spreadsheets, databases including all records and fields and structural information, charts, graphs and outlines, arrays of information and all other information used or produced by any software),

operating systems, source code of all types, programming languages, linkers and compilers, peripheral drivers, PIF files, batch files, any and all ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all information stored on computer memories, hard disks, floppy disks, CD ROM drivers, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above.

D. The term "communication" means any written or oral transmission of fact, information or opinion, including any utterance, notation or statement of any nature whatsoever.

E. The term "concerning" means referring to, describing, evidencing, or constituting.

F. The term "Marino" refers to S.G. Marino Crane Service Corporation, its directors, officers, employees, representatives, agents and any other persons acting or purporting to act on its behalf.

G. The term "Hallamore" refers to Hallamore Corporation, its directors, officers, employees, representatives, agents and any other persons acting or purporting to act on its behalf.

H. The term "Capco Steel" refers to Capco Steel Corporation, Capco Steel, LLC, its directors, officers, members, employees, representatives, agents and any other persons acting or purporting to act on its behalf.

I. Electronic mail message shall be produced in extracted text format.

J. Pursuant to Fed. R. Civ. P. 34(b), Marino shall produce the requested documents as they are kept in the usual course of business or shall organize and label them to correspond within the categories in this request.

K. If Marino withholds from production any document or thing called for by the following requests on the ground of privilege or immunity, or both, it must serve within twenty-one (21) days after service of these requests a listing identifying all such withheld documents and things by date, author(s) (i.e., originators(s) and/or sender(s)), copy recipients, nature of the document or thing, number of pages, subject matter and the ground or grounds for withholding the document or thing with sufficient specificity to ascertain or challenge the application of the ground or grounds for withholding.

**Requested Documents**

1. For the period March 30, 2005 to present, all documents concerning the lease, rental or use of any crane by Capco Steel.

2. For the period March 30, 2005 to present, all agreements or contracts between Marino and Capco Steel concerning any lease, rental or use of any crane by Capco Steel.

3. For the period March 30, 2005 to present, all communications between Marino and any other individual or entity, including, without limitation, Capco Steel concerning the lease, rental or use of any crane by Capco Steel.

4. For the period March 30, 2005 to present, all checks and other records of payments from Capco Steel to Marino concerning the lease, rental or use of any crane by Capco Steel.

5. For the period March 30, 2005 to present, all communications between Marino and Capco Steel concerning Hallamore.

6. For the period March 30, 2005 to present, all documents identifying or referring or relating to Hallamore.