**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **HALLAMORE CORPORATION** | : | |
| | : | **C.A. No. 08-cv-00075S** |
| **v.** | : | |
| | : | |
| **CAPCO STEEL CORPORATION** | : | |

**OBJECTIONS OF NON-PARTY LJ CRANE & RIGGING, INC. TO THE SUBPOENA SERVED BY PLAINTIFF HALLAMORE CORPORATION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, LJ Crane & Rigging, Inc. ("LJ"), a non-party to the above-captioned action, by and through its attorneys, hereby objects to Plaintiff Hallamore Corporation's ("Plaintiff") subpoena (the "Subpoena"), a copy of which is attached hereto as Exhibit "A," on the following grounds:

1. LJ objects to the Subpoena insofar as it is overbroad, unduly burdensome, vexatious, and appears to be designed to harass LJ.

2. LJ objects to the subpoena in that it seeks information and/or documentation that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3. LJ objects to the Subpoena to the extent it seeks the production of information and/or documentation containing sensitive proprietary information, as well as trade and business secrets.

4. LJ objects to the Subpoena in that Plaintiff is a direct competitor of LJ, and as such, a Subpoena seeking sensitive proprietary information with no possible relevance to the

issues raised in the above litigation, the Subpoena is clearly designed not to obtain relevant or admissible evidence, but rather to gain an unfair business advantage outside this litigation.

5. LJ objects to the Subpoena to the extent that it seeks the production of information and/or documentation protected by the attorney-client privilege and/or work product doctrine.

6. LJ objects to the Subpoena as unduly burdensome and harassing, as some, if not all, of the information and/or documents sought can be obtained from a readily available source(es), e.g. Defendant Capco Steel Corporation ("Capco"), other than LJ.

7. LJ objects to the Subpoena as unduly burdensome and harassing to the extent that it purports to require the attendance of an LJ representative at a deposition.

8. LJ objects to the Subpoena as unreasonably vague and ambiguous to the extent that it purports to require a representative of LJ to attend a deposition without identifying, in any way, the subject matter(s) upon which this representative will be questioned.

9. LJ reserves the right to supplement, amend, or modify its objections to the Subpoena as appropriate and warranted.

10. Based upon the foregoing, LJ will neither produce documents nor appear at a deposition in response to the Subpoena. *See* Fed. R. Civ. P. 45(c)(2)(B).

Respectfully submitted,
LJ CRANE & RIGGING, INC.,
By its Counsel,

Kristen K.M. Materne by kd.

Kristen K.M. Materne (#6391)
Office of Giovanni D. Cicione, Esq.
282 County Road, Suite 2
Barrington, RI 02806

Tel. (401) 289-2380
Fax (401) 289-2377

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within was served by mail upon Plaintiff's counsel, as follows, on the 24TH day of July, 2008.

Craig M. Scott
One Turks Head Place, Suite 1200
Providence, RI 02903

Wendy Aylward