UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HALLAMORE CORPORATION,<br>Plaintiff,<br>v.<br>CAPCO STEEL CORPORATION,<br>Defendant. | Civil Action No. 08-cv-00075S |

**STIPULATED PROTECTIVE ORDER**

Plaintiff, Hallamore Corporation, and defendant, Capco Steel Corporation, and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives and all other persons acting or purporting to act, who have acted or who purported to have acted on behalf of any of the foregoing, through their respective counsel, stipulate and agree, pending further order of the Court, that the following procedures designed to assure the protection of confidential information not already in public domain shall govern any discovery, including discovery from non-parties, in this action:

1. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords

extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. Any party or non-party may designate as "Confidential" any document produced or disclosed in this action (whether pursuant to a formal discovery request or otherwise), any document marked as an exhibit at any deposition taken in this action, the transcript of any deposition (or portions thereof) taken in this action, any information given by interrogatory answer, any report, correspondence, note, affidavit or any other writings marked as "Confidential." Such documents, information and transcripts so designated are hereinafter referred to as "Confidential Information." Confidential Information deemed to be sufficiently sensitive to limit access to such information to counsel of record shall be designated "Highly Confidential - Attorneys Eyes Only."

3. With respect to any document to be produced or interrogatory answer given, any designation of confidentiality shall be made prior to the date on which the document is produced or answer given by placing upon it a legend stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." With respect to deposition testimony, the witness under deposition or his/her counsel, and/or any counsel representing any person at the deposition, shall invoke the provisions of this Order in a timely manner, giving adequate warning to all persons present that testimony about to be given is "Confidential" or "Highly Confidential – Attorneys Eyes Only." The provisions of this Paragraph may be invoked with respect to a witness' entire deposition, or any portion thereof, at any time during the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the deposition transcript pursuant to this Order on the record at the deposition shall have thirty (30) days following receipt of the transcript in which to correct the failure. Notice of such correction shall

be made in writing to the reporter, with copies to all other counsel of record, designating the portion(s) of the transcript that contain "Confidential" or "Highly Confidential – Attorneys Eyes Only information," and directing the reporter to mark that portion of the transcript accordingly.

4. Subject to paragraphs 4 through 7 below, designated Confidential Information may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) the parties to this case, including officers, directors, and employees of the parties, for the sole purpose of assisting in this lawsuit, as well as the secretarial and clerical employees who work regularly with such persons; provided, however, that information shall not be disclosed to any such person unless and until that person has executed the Confidentiality Agreement Concerning Protected Material Covered By Protective Order ("Confidentiality Agreement") in the form attached hereto as Exhibit A;

(b) counsel of record, general counsel and office personnel employed and assisting them in this case;

(c) witnesses testifying in this action either in discovery or at trial;

(d) any expert, investigator or consultant retained by counsel in connection with this case as defined in paragraph 9 herein;

(e) the Court before which this case is pending; and

(f) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

5. Confidential Information designated Highly Confidential – Attorneys Eyes Only may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) counsel of record and office personnel employed and assisting them in this case;

(b) independent experts, investigators and/or consultants as defined in paragraph 9 herein;

(c) the Court before which this case is pending; and

(d) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

6. Filing of Designated Materials with the Court. Any party wishing to file Confidential or Highly Confidential – Attorneys Eyes Only materials with the Court shall first obtain permission to do so from the Court. If Confidential or Highly Confidential – Attorneys Eyes Only materials are to be filed, they shall be filed in sealed envelopes prominently marked with the caption of the case and the following notice:

CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT

or

CONTAINS HIGHLY CONFIDENTIAL –
ATTORNEY'S EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER
TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT

The party seeking to file such material shall comply with the requirements of L.R. Gen. 102. Failure of a party to follow the procedures of this paragraph shall constitute a disclosure of Confidential or Highly Confidential – Attorneys Eyes Only materials so designated by the other party or by a third party.

7. Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for other litigation, competitive, business or any other purpose whatsoever.

8. Counsel agree to make all reasonable efforts to ensure compliance with this Protective Order. Any person referred to in paragraphs 4(c), 4(d) or 5(b) to whom any Confidential Information, or the contents thereof, is disclosed shall first execute the Confidentiality Agreement attached hereto as Exhibit A. Any Confidentiality Agreement executed pursuant to this paragraph 8 shall be retained by counsel and need not be disclosed to opposing counsel except pursuant to further order of the Court.

9. For purposes of Paragraphs 4 and 5 herein, an independent expert shall be defined as a person who is not an employee of a party and who is retained as a bona fide consultant or expert by counsel at the direction of a party for purposes of this litigation, whether full or part time.

10. Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Order on any other ground it may deem appropriate pursuant to the Federal Rules of Civil Procedure.

11. Any signatory hereto may seek relief from, or modification of, this Order or challenge the designation of documents, information or transcripts as "Confidential" or "Highly Confidential - Attorney's Eyes Only."

12. If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person

to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

13. Inadvertent Production of Privileged Materials. Counsel shall make their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials. The inadvertent production of any information shall be addressed pursuant to Fed. R. Civ. P. 26(b)(5)(B).

14. Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall assemble and return all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate Confidential Information and will continue to be bound by the terms of this Order with respect to any such information.

STIPULATED AND AGREED TO:

HALLAMORE CORPORATION
By its Attorneys

/s/ Charles M. Henderson, III
Craig M. Scott, Esq. (#4237)
cscott@duffysweeney.com
Christine K. Bush, Esq. (#5587)
cbush@duffysweeney.com
Charles M. Henderson, III, Esq. (*pro hac vice*)
chenderson@duffysweeney.com
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (FAX)

Dated: August 27, 2008

CAPCO STEEL CORPORATION,
By its attorneys,

/s/ Girard R. Visconti
Girard R. Visconti, Esq. (#0566)
grv@viscontilaw.com
David M. Campbell, Esq. (#3355)
dmc@viscontilaw.com
VISCONTI & BOREN, LTD.
55 Dorrance Street
Providence, RI 02903
(401) 331-3800
(401) 421-9302 (FAX)

Dated: August 27, 2008

ENTER:

BY ORDER:

________________________________
Judge of the United States District Court

________________________________
Clerk of the United States District Court

Dated: ____________________

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Stipulated Protective Order*** was filed through the ECF system on the 27th day of August, 2008, and will be sent electronically to the below-named counsel who is a registered participant identified on the Notice of Electronic Filing:

David M. Campbell, Esq.
Visconti & Boren Limited
Providence Square Building
55 Dorrance Street
Providence, Rhode Island 02903
(401) 331-3800
dmc@viscontilaw.com

Girard R. Visconti, Esq.
Visconti & Boren Limited
Providence Square Building
55 Dorrance Street
Providence, Rhode Island 02903
(401) 331-3800
grv@viscontilaw.com

/s/ Charles M. Henderson, III

*Hallamore Corp\Capco Steel\Pleadings\Protective Order Final 08.27.08.doc*